## HARTER CORPORATION, Petitioner, v. NATIONAL LABOR RELATIONS BOARD, Respondent.

### No. 8067.

Circuit Court of Appeals, Sixth Circuit.

Feb. 14, 1939.

Raymond H. Dresser, of Sturgis, Mich., and Harry C. Howard, of Kalamazoo, Mich., for petitioner.

Charles Fahy and Robert B. Watts, Associate General Counsel, National Labor Relations Board, both of Washington, D. C., for the respondent.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

PER CURIAM.

The Harter Corporation, petitioner, having filed its petition to review and set aside the order of the National Labor Relations Board entered in the Matter of Harter Corporation and International Association of Machinists on July 19, 1938, and the National Labor Relations Board, respondent, having filed its cross-petition herein for enforcement of its said order, it is ordered adjudged and decreed, upon due consideration thereof, upon the consent of the counsel for the parties herein, that the said order of the Board be and the same hereby is modified to read as follows, and as so modified, is hereby affirmed and enforced:

"The Harter Corporation, and its officers, agents, successors, and assigns shall:

"1. Cease and desist from:

"(a) Discouraging membership in Lodge No. 1523 International Association of Machinists or any other labor organization of its employees by discriminating in regard to hire or tenure of employment or any terms or conditions of employment;

"(b) Dominating or interfering with the administration of Employees Shop Union or dominating or interfering with the formation or administration of any other labor organization of its employees or contributing support to Employees Shop Union or to any other labor organization of its employees;

"(c) Recognizing Employees Shop Union as representative of its employees for the purpose of dealing with the respondent concerning grievances, labor disputes, rates of pay, wages, hours of employment, or other conditions of employment;

"(d) Refusing to bargain collectively with Lodge No. 1523 International Association of Machinists as the exclusive representative of its production and maintenance including engineering employees, excluding clerical and supervisory employees and watchmen, in respect to rates of pay, wages, hours of employment, and other conditions of employment;

"(e) In any other manner interfering with, restraining, or coercing its employees in the exercise of the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining and other mutual aid and protection, as guaranteed in Section 7 of the National Labor Relations Act [29 U.S.C.A. § 157].

"2. Take the following affirmative action which the Board finds will effectuate the policies of the Act:

"(a) Offer Don Brew, Clyde Harter, Virgil Harter, L. A. Sargent, and Frank Kenney, immediate and full reinstatement to their former positions, without prejudice to their seniority and other rights and privileges;

"(b) Upon application, offer to D. H. Mitch, Arnold Whistler, Fern Wygant, Carl Jordan, Elmer Randol, Freeman Yoder, Walter Jacobs, Arthur B. Persing, Tyrus Hostetler, Laban Hayes, and Clayton Busz and to those employees who went out on strike on August 13, 1937, and thereafter, immediate and full reinstatement to their former or substantially equivalent positions, without prejudice to their seniority and other rights and privileges, in the manner set forth in the section entitled "The Remedy" above, placing those employees for whom employment is not immediately available upon a preferential list in the manner set forth in said section;

"(c) Make whole the employees ordered to be offered reinstatement pursuant to

paragraphs 2 (a) and (b) above, by paying to said employees the sum of $3000;

"(d) In lieu of reinstatement of S. E. Mitch, make him whole by payment to him of the sum of $2,000;

"(e) Withdraw all recognition for Employees Shop Union as representative of its employees for the purpose of dealing with the respondent in respect to Labor disputes, grievances, rates of pay, wages, hours of employment, and other conditions of employment, and completely disestablish Employees Shop Union as such representative;

"(f) Upon request, bargain collectively with Lodge No. 1523 International Association of Machinists as the exclusive bargaining representative of its production and maintenance including engineering employees, excluding clerical and supervisory employees and watchmen, in respect to rates of pay, wages, hours of employment, and other conditions of employment;

"(g) Immediately post notices to its employees in conspicuous places throughout its factory stating that the respondent will cease and desist in the manner aforesaid, and maintain said notices for a period of at least thirty (30) consecutive days.

"(h) Notify the Regional Director for the Seventh Region in writing within ten (10) days from the date hereof what steps petitioner has taken to comply herewith.

"It is further ordered that the complaint be, and it is hereby, dismissed, to the extent that it concerns the discharge of Edna Persing.

"And it is further ordered that the petition for certification of representatives, filed by Lodge No. 1523, International Association of Machinists be, and it hereby is, dismissed."